*Michael Smith v. The Kroger Co. et al.*
*State Court of Cobb County, State of Georgia*
*Civil Action File Number: 22-A-681*

*Michael Smith v. The Kroger Co. et al.*
*USDC, Northern District, Atlanta Division*
*Civil Action File Number: TBD (Removal # 1:22-mi-99999)*

## EXHIBIT A to DEFENDANT THE KROGER CO.'S NOTICE OF REMOVAL

<u>ALL DOCUMENTS FILED IN THE STATE COURT OF COBB COUNTY
IN CIVIL ACTION NO. 22-A-681</u>

**General Civil and Domestic Relations Case Filing Information Form**

ID# E-EKVWXJTP-2L5
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**22-A-681**

☐ Superior or ☑ State Court of _Cobb_____ County

FEB 25, 2022 01:02 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

| For Clerk Use Only | |
|---|---|
| Date Filed _02-25-2022_____ MM-DD-YYYY | Case Number _22-A-681_____ |

**Plaintiff(s)**

Smith, Michael

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**

THE KROGER COMPANY

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Doe (1-3), John | | | | |
| JOHN DOE CORPORATIONS (1-3) | | | | |

**Plaintiff's Attorney** Daley, Cynthia M    **Bar Number** 476520    **Self-Represented** ☐

**Check one case type and, if applicable, one sub-type in one box.**

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☑ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____ Case Number   _____ Case Number

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

# STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER  22-A-681

$248.00 COST PAID

Smith, Michael

**PLAINTIFF**

**VS.**

THE KROGER COMPANY, DBA c/o CSC of
Cobb County, Inc., Registered Agent
Doe (1-3), John
JOHN DOE CORPORATIONS (1-3)

**DEFENDANTS**

## SUMMONS

TO: THE KROGER COMPANY

You are hereby summoned and required to file with the Clerk of said court and serve upon the
Plaintiff's attorney, whose name and address is:

> **Cynthia M Daley**
> **Jonathan R. Brockman, P.C.**
> **128 Newnan Street**
> **Carrollton, Georgia 30117**

an answer to the complaint which is herewith served upon you, within 30 days after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by
default will be taken against you for the relief demanded in the complaint.

**This 28th day of February, 2022.**

Clerk of State Court



Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

ID# E-EKVWXJTP-2JB
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**22-A-681**

**FEB 25, 2022 01:02 PM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY

STATE OF GEORGIA

MICHAEL SMITH,

       Plaintiff,

v.

THE KROGER CO., JOHN DOE (1-3)
and JOHN DOE CORPORATION (1-3),

       Defendants,

CIVIL ACTION FILE NO.:

_____

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Michael Smith and files this his Complaint against Defendant The Kroger Co. and shows the Court as follows:

## JURISDICTION AND VENUE

### 1.

Defendant The Kroger Co. is a foreign corporation incorporated under the laws of the State of Ohio. This Defendant has agents, does business, and maintains facilities in Cobb County, Georgia and is subject to the jurisdiction of this Court. Defendant The Kroger Co. may be served by and through its Registered Agent, CSC of Cobb County, Inc., 192 Anderson Street, S.E., Suite 125, Marietta, Cobb County, Georgia 30060 or as otherwise provided by law.

2.

Defendant John Doe (1-3) are employees/agents of Defendant The Kroger Co. who (1) are responsible for training employees/agents regarding safety measures in the subject property; and/or (2) are responsible for ensuring policies regarding identifying potential safety hazards on the subject property and providing warning to invitees of the same as well as removal/cleanup of the potential hazards is executed correctly; and/or (3) are responsible for identifying potential hazards within the store and taking action to warn invitees of the same and the clearing of such potential hazards.

3.

Defendant John Doe Corporations (1-3) are corporate entities responsible for maintenance/cleaning of the subject property and/or corporate entities which own the subject premises and/or corporate entities that employ the persons responsible for maintaining the subject premises regarding potential slip and fall incidents.

4.

Under Article VI, Section II, Paragraph IV of the Constitution of the State of Georgia (the "joint liability exception"), venue is proper in this Court.

## FACTUAL BACKGROUND

5.

On February 26, 2020, Plaintiff Michael Smith was an invited guest at the Defendant's place of business located at 2300 Holcomb Bridge Road, Roswell, Georgia 30076, for the purpose of shopping.

6.

Unbeknownst to Plaintiff, there were loose grapes on the floor in the produce section.

7.

As Plaintiff was walking, he slipped on the grapes and fell to the ground.

8.

At said time and place, there were no caution signs posted or cones present warning the general public of the dangerous conditions.

9.

Plaintiff had no actual knowledge or constructive knowledge of the dangerous condition on the Defendants' premises prior to his fall.

10.

Plaintiff shows that he exercised ordinary care and diligence under the circumstances then existing.

11.

Defendants knew or should have known of the potential hazard with reasonable inspection of the premises.

## LIABILITY OF DEFENDANTS

12.

Defendants had actual, or in the alternative, constructive knowledge of the dangerous condition pertaining to the area where Plaintiff fell.

13.

Defendants breached their duty of ordinary care owed to Plaintiff by failing to guard against a foreseeable incident, such as the incident forming the basis of Plaintiff's Complaint, from occurring.

14.

Defendants negligently failed to ensure that the property located at 2300 Holcomb Bridge Road, Roswell, Georgia 30076 was properly maintained to insure the safety of the public, including Michael Smith.

15.

At all times mentioned herein, Defendants had exclusive ownership, operation, control and management of said property and Defendants had the legal duty to keep their premises in a state of repair and maintenance consistent with due regard of the safety of their invitees, including Plaintiff.

16.

Although the Defendants knew, or in the exercise of reasonable diligence should have known, of the risks of injuries to Plaintiff from said hazardous condition(s), they negligently failed to take reasonable precautions to guard against the dangerous condition(s) and failed to protect invitees, including Plaintiff, therefrom.

17.

Defendants' negligence proximately caused Plaintiff's injuries and damages.

18.

The conduct of Defendants breached the duty of ordinary care owed to Plaintiff.

19.

Defendants were negligent and said negligence proximately caused Plaintiff's injuries in the following ways, to wit:

(a) Violation of O.C.G.A. § 51-3-1 by failing to use ordinary care to keep the premises safe;

(b) In failing to properly inspect and maintain the premises; and

(c) In knowingly allowing their invited guests to utilize an unsafe area of the premises.

20.

The injuries sustained by the Plaintiff are the direct and

proximate result of the negligence of the Defendants. But for said negligence, Plaintiff would not have suffered the injuries and losses discussed herein.

### PLAINTIFF MICHAEL SMITH'S DAMAGES

21.

As a direct and proximate result of Defendants' negligence and/or breach of the duty of ordinary care, Plaintiff Michael Smith suffered personal injuries that caused him to seek medical treatment.

22.

Mr. Smith sustained multiple injuries including, but not limited to, tearing to the rotator cuff and a labral tear, disc herniations at L3-4, L4-5 and L5-S1 and a right knee MCL and LCL sprain.

23.

Mr. Smith's medical treatment included steroid injections, physical therapy, and ultimately, surgery.

24.

Plaintiff's physical injuries caused by the incident caused him physical pain.

25.

To date, Michael Smith has incurred medical expenses in excess of One Hundred Forty-Five Thousand Dollars ($145,000.00)

6

26.

As a direct and proximate result of Defendants' negligence and/or breach of duty of ordinary care, Plaintiff Michael Smith has suffered pain of both body and mind.

27.

Defendants are indebted to Plaintiff in an amount to be shown by the evidence at trial for Plaintiff's medical expenses, injuries, and pain and suffering caused by Defendants' breach of duty owed to Plaintiff.

**PROXIMATE CAUSE**

28.

All damages to Plaintiff herein were proximately caused jointly and separately by the negligence of the Defendants.

**EXPENSES OF LITIGATION AND ATTORNEY'S FEES**

29.

In denying that Defendants were negligent in causing or contributing to the incident forming the basis of Plaintiff's Complaint and in otherwise denying liability for causing the subject incident, the Defendants have been stubbornly litigious and have caused Plaintiff unnecessary trouble and expense such that the Plaintiff is entitled to recover his expenses of litigation including reasonable attorney fees from the Defendants, under O.C.G.A. § 13-6-11 and other applicable Georgia law.

7

30.

WHEREFORE, Plaintiff demands trial by jury and judgment against the Defendants for such sums as compensatory damages, as the evidence shows he is justly entitled to recover, together with attorney's fees, interest, if applicable, and all costs of the action.

> Respectfully Submitted,
>
> Jonathan R. Brockman, P.C.
>
> /s/Cynthia Matthews Daley
> Cynthia Matthews Daley
> Georgia Bar No. 476520

128 Newnan Street
Carrollton, GA 30117
770-205-8887
770-205-8879 (Facsimile)

> /s/Jon Brockman
> Jon Brockman
> Georgia Bar No. 084210
> Attorneys for Plaintiff

320 Dahlonega Street
Cumming, Georgia 30040
770-205-8887
770-205-8879 (Facsimile)

ID# E-EKVWXJTP-FTZ
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**22-A-681**

**FEB 25, 2022 01:02 PM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY

STATE OF GEORGIA

MICHAEL SMITH,

      Plaintiff,

v.

THE KROGER CO., JOHN DOE (1-3)
and JOHN DOE CORPORATION (1-3),

      Defendants,

CIVIL ACTION FILE NO.:

_____

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS
## TO DEFENDANT THE KROGER CO.

Pursuant to O.C.G.A. Section 9-11-36 you are hereby requested to answer, in the form provided by law, the following Requests for Admissions:

1.

Admit that you have been correctly named in the present case insofar as the legal designation of names is concerned.

2.

Admit that you have been properly served as a party Defendant.

3.

Admit that process is sufficient with regard to you in this case.

4.

Admit that service of process is sufficient with regard

to you in this case.

5.

Admit that Cobb County State Court has jurisdiction over the subject matter of this case.

6.

Admit that Cobb County State Court has personal jurisdiction over you as a party Defendant in this case.

7.

Admit that venue is proper in Cobb County State Court.

8.

Admit that on February 26, 2020, Plaintiff Michael Smith was an invited guest at the Defendant's place of business located at 2300 Holcomb Bridge Road, Roswell, Georgia 30076, for the purpose of shopping.

9.

Admit that unbeknownst to Plaintiff, there were loose grapes and fell to the ground

10.

Admit that as Plaintiff was walking, he slipped on the grapes and fell to the ground.

11.

Admit that at said time and place, there were no caution signs posted or cones present warning the general public of the dangerous conditions.

2

12.

Admit that Plaintiff had no actual knowledge or constructive knowledge of the dangerous condition on the Defendants' premises prior to his fall.

13.

Admit that Plaintiff shows that he exercised ordinary care and diligence under the circumstances then existing.

14.

Admit that Defendants knew or should have known of the potential hazard with reasonable inspection of the premises.

15.

Admit that Defendants had actual, or in the alternative, constructive knowledge of the dangerous condition pertaining to the area where Plaintiff fell.

16.

Admit that Defendants breached their duty of ordinary care owed to Plaintiff by failing to guard against a foreseeable incident, such as the incident forming the basis of Plaintiff's Complaint, from occurring.

17.

Admit that Defendants negligently failed to ensure that the property located at 2300 Holcomb Bridge Road, Roswell, Georgia 30076 was properly maintained to insure the safety of the public, including Michael Smith.

18.

Admit that at all times mentioned herein, Defendants had exclusive ownership, operation, control and management of said property and Defendants had the legal duty to keep their premises in a state of repair and maintenance consistent with due regard of the safety of their invitees, including Plaintiff.

19.

Admit that although Defendants knew, or in the exercise of reasonable diligence should have known, of the risks of injuries to Plaintiff from said hazardous condition(s), they negligently failed to take reasonable precautions to guard against the dangerous condition(s) and failed to protect invitees, including Plaintiff, therefrom.

20.

Admit that Defendants' negligence proximately caused Plaintiff's injuries and damages.

21.

Admit that the conduct of Defendants breached the duty of ordinary care owed to Plaintiff.

22.

Admit that Defendants were negligent and said negligence proximately cause Plaintiff's injuries in the following ways, to wit:

(a)  Violation of O.C.G.A. § 51-3-1 by failing to use

4

ordinary care to keep the premises safe;

(b) In failing to properly inspect and maintain the premises; and

(c) In knowingly allowing their invited guests to utilize an unsafe area of the premises.

23.

Admit that the injuries sustained by the Plaintiff are the direct and proximate result of the negligence of the Defendants. But for said negligence, Plaintiff would not have suffered the injuries and losses discussed herein.

24.

Admit that as a direct and proximate result of Defendants' negligence and/or breach of the duty of ordinary care, Plaintiff Michael Smith suffered personal injuries that caused him to seek medical treatment.

25.

Admit that Plaintiff sustained multiple injuries including, but not limited to, tearing to the rotator cuff and a labral tear, disc herniations at L3-4, L4-5 and L5-S1 and a right knee MCL and LCL sprain.

26.

Admit that Plaintiff's medical treatment included steroid injections, physical therapy, and ultimately, surgery.

27.

Admit that Plaintiff's physical injuries caused him physical pain.

28.

Admit that to date, Plaintiff Michael Smith has incurred medical expenses in excess of One Hundred Forty-Five Thousand Dollars ($145,000.00).

29.

Admit that as a direct and proximate result of Defendants' negligence and/or breach of duty of ordinary care, Plaintiff Michael Smith has suffered pain of both body and mind.

30.

Admit that Defendants are indebted to Plaintiff in an amount to be shown by the evidence at trial for Plaintiff's medical expenses, injuries, and pain and suffering caused by Defendants' breach of duty owed to Plaintiff.

31.

Admit that all damages to Plaintiff herein were proximately caused jointly and separately by the negligence of the Defendants.

32.

Admit that in denying that Defendants were negligent in causing or contributing to the incident forming the basis of Plaintiff's Complaint and in otherwise denying liability for

causing the subject incident, the Defendants have been

stubbornly litigious and have caused Plaintiff unnecessary

trouble and expense such that the Plaintiff is entitled to

recover her expenses of litigation including reasonable attorney

fees from the Defendants, under O.C.G.A. § 13-6-11 and other

applicable Georgia law.

Respectfully Submitted,

Jonathan R. Brockman, P.C.

/s/Cynthia Matthews Daley
Cynthia Matthews Daley
Georgia Bar No. 476520

128 Newnan Street
Carrollton, GA 30117
770-205-8887
770-205-8879 (Facsimile)

/s/Jon Brockman
Jon Brockman
Georgia Bar No. 084210
Attorneys for Plaintiff

320 Dahlonega Street
Cumming, Georgia 30040
770-205-8887
770-205-8879 (Facsimile)

7

ID#E-EKVWXJTP-LE3
**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**22-A-681**

**FEB 25, 2022 01:02 PM**

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY

STATE OF GEORGIA

MICHAEL SMITH,

       Plaintiff,

v.

THE KROGER CO., JOHN DOE (1-3)
and JOHN DOE CORPORATION (1-3),

       Defendants,

CIVIL ACTION FILE NO.

_____

## PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT THE KROGER CO.

Pursuant to Acts 1966, pp. 609, 646, 1972, pp. 510, 524 (Ga. Code Ann. Section 9-11-33), you are hereby served with the following written interrogatories to be answered separately and fully in writing under oath. The answers are to be signed by the person making them and the party upon whom the interrogatories have been served shall serve a copy of the answers upon the Law Offices of Jonathan R. Brockman, P.C., Cynthia Matthews Daley, Esquire, 128 Newnan Street, Carrollton, Georgia 30117, within 45 days after the service of the interrogatories.

**NOTE A:** When used in these interrogatories, the term "you" or any synonym thereof is intended to and shall embrace and include, in addition to the Defendant, Counsel for Defendant, and all agents, servants, employees, representatives, private investigators, and other who are in possession of or may have obtained information for or on behalf of the Defendant.

**NOTE B:**   The following interrogatories shall be deemed
continuing so as to require supplemental answers if you or your
attorneys or any agents, servants, representatives,
investigators, experts, or others employed by either of you
obtain further relevant information between the time your
answers to the following interrogatories are served and the time
of any hearing or trial. Any such supplementary answers shall be
served upon the Law Offices of Jonathan R. Brockman, P.C.,
Cynthia Matthews Daley, Esquire, within thirty (30) days after
the receipt of such additional information but in no event later
than the filing of a pre-trial order.

## DEFINITIONS

1.    "Identify" as used herein to refer to a natural person,
      means to state his or her full name, address, home
      telephone number, business address, business telephone
      number, and name and address of present and/or last known
      employer.

2.    "Identify" as used herein to refer to a document means to
      state the nature of the document (e.g., "letter,
      memorandum to file," etc.), date author, address, title
      or caption, subject matter, meaningful summary of the
      contents and the present custodian. Attaching a copy of
      the document in question to the response to these

2

interrogatories (properly indexed to the interrogatory)

will suffice in lieu of further identification.

"Document" as used herein shall be understood to include,

without limitation, writings, reports, memoranda, books,

magazines, newspapers, worksheets, correspondence, drafts,

memoranda of meetings of conversations (whether by telephone or

otherwise), drawings, blueprints, graphs, charts, photographs

(whether still or in motion, including slides, negatives,

videotapes, or any other form of visual reproduction), phone

records, phono-tapes, computer tapes, cards and printouts, and

other date compilation from which information can be obtained or

translated, if necessary, by Plaintiff through detection devices

into reasonably usable form, as well as any and all copies of

any documents.

## INTERROGATORIES

1.

Identify the name, address, telephone number, and title of
the person that was consulted and/or provided responses to these
Interrogatories on behalf of Defendant.

2.

Identify all persons who responded to the scene of the
Plaintiff's fall including such persons' telephone number and
address.

3

3.

Identify the store manager for the subject Kroger location on February 26, 2020.

4.

Identify the employee(s) that cleaned the area where Plaintiff was injured after the incident that is the subject of Plaintiff's Complaint.

5.

Please identify all persons who have in any way investigated the claims made in this lawsuit, and whether each has made a written record of the investigation.

6.

Were any investigative or other reports prepared, compiled, submitted, or made on behalf of the Defendant as a result of the incident complained of in this action?  If so:

A.   Identify by date, name, and address of person and/or persons making or rendering the same and the person and/or persons to whom addressed and/or directed; and

B.   The name and address of the person who has present custody and/or control thereof and the purpose of such preparation.

7.

Please identify the persons or entity who owned, managed and controlled the premises referred to in the Complaint where the

4

incident involving Michael Smith occurred and for the date of his injury, (February 26, 2020), including the identity of any persons who assisted Plaintiff after the incident forming the basis of Plaintiff's Complaint.  If the ownership, control, or maintenance changed at any time since said occurrence, please identify every subsequent person or entity.

8.

What are the names, addresses, telephone numbers, and places of employment of each and every person you claim has or purports to have knowledge of the occurrence, whether such person has direct knowledge or claim other relevant knowledge regarding the occurrence?  For each such person, briefly describe their knowledge.

9.

Identify the person(s) responsible for viewing and maintaining the in-store video on the day of the incident injuring Plaintiff.

10.

As to each policy of liability insurance, including personal liability, excess, supplemental, umbrella, and other forms of insurance, that may be applicable to the alleged liability asserted in this lawsuit, please state the following:

A.  The name of each insurer;

B.  The name of each insured;

5

C.  The limits and coverage provided under each policy or coverage;

D.  The number of each policy;

E.  The claim number assigned by each insurer to the claims asserted in this lawsuit or with regard to the claim asserted in this lawsuit;

F.  A full description of the coverage afforded under each such policy; i.e., general liability, excess, reinsurance, umbrella, etc.;

G.  The effective date and expiration date of each such policy;

H.  Any exclusions that have been alleged by the insurer to apply to the coverage provided under each policy;

I.  Any reservation of rights or any other assertions of inapplicability or possible inapplicability of the coverage provided under each policy that has been provided by the insurer; and

J.  The insured's rights, if any, to be advised of the demands for settlement by the claimant and to approve offers of settlement made by the insurer under the provisions of each policy.

11.

Please list each act of negligence, contributory negligence, or comparative negligence you contend Plaintiff or any other

6

person or entity, did or failed to do, which in any way
contributed to the subject occurrence and Plaintiff's injuries.

12.

Please state in detail how you contend the subject occurrence
took place and the order in which the events took place.   Please
list in this response a listing of each person and circumstance
you believe to have caused, or contributed to causing, the subject
occurrence.

13.

Please detail the factual and legal basis for each defense
pled in your Answer, including all United States statutes, state
statutes, city ordinances, county ordinances, case law and all
other governmental laws, rules or regulations which you contend
Plaintiff, or any other person or entity, violated with respect to
the incident giving rise to this lawsuit.

14.

Please state the name and address of all expert witnesses or
professional consultants retained or consulted by you or on your
behalf to make an evaluation or investigation of the cause of the
occurrence giving rise to this lawsuit or the damages sustained by
Plaintiff.

15.

Please identify each expert expected to testify at trial and
state the subject matter the expert is expected to testify about,

7

the substance of the facts and opinions to which the expert is expected to testify, and give a summary of the grounds for each opinion.  See O.C.G.A. §9-11-26.  Please note that this interrogatory applies to all expert witnesses including all practitioners of the healing arts.

16.

With regard to each statement (oral, written, recorded, court or deposition transcript, etc.) taken from any person with knowledge relevant to this lawsuit, please state the name of each person giving each statement, the name and address of the person or entity taking each statement, the date each statement was taken, and the name and address of each person having possession, custody or control of each statement.

17.

Please identify with specificity all injury claims or complaints made against you or your business, including employees of your company, either before or after the incident that is the subject matter of this litigation, including the date, time and place of occurrence; the name, address and telephone number of all parties involved in said accident; the address of all investigating people or departments, personal injuries, if any, claimed in such incident; a brief description of how the incident occurred, and whether suit was filed.

8

18.

Describe with particularity all photographs, charts, diagrams, videotapes, documents, illustrations, and/or other tangible items, of any person, place or thing involved in this lawsuit, giving the date each was made and the name and address of the person (s) with possession, custody, or control of each item.

19.

State the substance of each conversation you or your agents or employees had with Plaintiff at the time of or at any time before or after the occurrence giving rise to this lawsuit, or any statement that you claim was a statement made by Plaintiff or his agents.

20.

Please identify any and all documentary or other tangible evidence, not previously identified, which you believe demonstrates and/or supports facts relevant to the claims and/or defenses in this case.

21.

What are the names, addresses, telephone numbers, dates of employment, and places of employment of any and all managers and employees employed by or on behalf of you to work at the store that is the subject of the occurrence that is described in the Complaint on the date this incident occurred?

9

22.

Please identify the safety director and all other individuals in charge of or assisting with safety issues for you at the time of the incident forming the basis of Plaintiff's Complaint.

23.

Please provide any and all reasons and facts in support of your denial of any portion of Plaintiff's Request for Admissions to Defendant.

Respectfully Submitted,

Jonathan R. Brockman, P.C.

/s/Cynthia Matthews Daley
Cynthia Matthews Daley
Georgia Bar No. 476520

128 Newnan Street
Carrollton, GA 30117
770-205-8887
770-205-8879 (Facsimile)

/s/Jon Brockman
Jon Brockman
Georgia Bar No. 084210
Attorneys for Plaintiff

320 Dahlonega Street
Cumming, Georgia 30040
770-205-8887
770-205-8879 (Facsimile)

ID# E-EKVWXJTP-RG3
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**22-A-681**

**FEB 25, 2022 01:02 PM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY

STATE OF GEORGIA

MICHAEL SMITH,

        Plaintiff,

v.

THE KROGER CO., JOHN DOE (1-3)
and JOHN DOE CORPORATION (1-3),

        Defendants,

CIVIL ACTION FILE NO.

_____

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND TANGIBLE THINGS AND NOTICE TO PRODUCE TO DEFENDANT THE KROGER CO.**

COMES NOW, Plaintiff in the above-styled civil action, and files this Request for Production of Documents and Tangible Things and Notice to Produce pursuant to Official Code of Georgia Annotated Sections 9-11-34(a) and 24-10-26 and requires Defendant to comply with said Code Section within forty-five (45) days by producing and permitting attorneys at Jonathan R. Brockman, P.C., 128 Newnan Street, Carrollton, Georgia 30117 to inspect and copy each of the following documents and things:

Notwithstanding the foregoing, Defendant is further requested pursuant to Official Code of Georgia Annotated § 24-10-26 to produce the documents, records, photographs, and tangible things specified hereinbelow at the time of any Rule Nisi hearing, deposition, and trial of the above-styled case.

**DEFINITIONS**

As used herein, the terms listed below are defined as follows:

1.   "Document" means every writing or record of every type and description that is or has been in your possession, custody, or control or of which you have knowledge, including but not limited to correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, drawings and photographs, films, microfilms, voice recordings, maps, reports, surveys, minutes or statistical compilations, or any other reported or graphic material in whatever form, including copies, drafts, and reproductions. "Document" also refers to any other data compilations from which information can be obtained, and translated, if necessary, by you through computers or detection devices into reasonably usable form.

2.   "Person" means any natural person, corporation, partnership, proprietorship, association, governmental entity, agency, group, organization, or group of persons.

3.   "Defendant," "you," or "your" refers to, without limitation, to Defendant The Kroger Co.

4.   "Interrogatory" refers to the Interrogatories of Plaintiff to Defendant, served concurrently with this request for production.

## REQUEST FOR PRODUCTION

Defendant is requested to produce each of the following:

1.

Any statement in your control from any person possessing relevant knowledge of the incident giving rise to this lawsuit, whether written or recorded, specifically including any statement

taken from the Plaintiff.

2.

Please produce documents reflecting the name and/or address of any eyewitness(es) to the incident forming the basis of Plaintiff's Complaint.

3.

All photographs, charts, diagrams, videotapes, and other illustrations of any person, place or thing involved in this lawsuit including but not limited to any in store video of the subject incident.

4.

All documents evidencing, reflecting, relating to or constituting any communication between Defendant and Plaintiff.

5.

All documents supporting or relating to Plaintiff's or Defendant's contentions of negligence.

6.

Any correspondence, e-mails, statements, documents, or other tangible evidence involving any of the witnesses or other individuals involved or with knowledge of the incident forming the basis of Plaintiff's Complaint.

7.

All documents, including but not limited to e-mail printouts, evidencing, reflecting, relating to the occurrence forming the basis of this lawsuit, including but not limited to any incident report.

2

8.

Any and all documents that support any defenses raised in
your Answer, or any relevant fact to this litigation.

9.

All documents, pleadings and/or exhibits filed, served or
prepared in connection with any litigation involving personal
injuries to which you have been a party and involving the premises
in question for the past (10) years.

10.

Any employment records, including but not limited to all
personnel files, for any individual employed by Defendant to work
at the Kroger store referenced in Plaintiff's Complaint on the
date of the subject incident.

11.

Any and all documentary evidence or other tangible evidence
which relates, or is reasonably calculated to lead to the
discovery of relevant or admissible evidence, regarding any of the
Plaintiff's claims in this action or Defendant's defenses.

12.

Please produce all policies of insurance, to include the
declaration pages, which do or may afford insurance coverage to
this Defendant with regard to Plaintiff's claims against
Defendant.  This Request includes primary insurance coverage,
excess insurance coverage, or any other type of liability
coverage, and medical-payments coverage.  This request includes
any and all documents affecting coverage, including reservation of
rights documents.

3

13.

Please produce all reports received from any experts who have investigated any issue relevant to the subject incident and relevant to this lawsuit.  Also, produce all materials relied upon by each expert in formulating their opinions and conclusions.

14.

All written material provided to Defendant's store employees in connection with safety training, including but not limited to all manuals, memoranda, in-house publication and educational courses and any other materials used by you in providing safety training.

15.

Please produce a copy of any reservation of rights letter(s) or other documentation of any kind received from any insurer which purports to deny insurance coverage, or to reserve the right to contest the issue of coverage for the claims made in this lawsuit.

16.

Please produce all claims forms, accident reports, or other documentation evidencing prior or subsequent complaints, problems, or injuries, occurring on the premises where Plaintiff was injured.

17.

Please produce any demonstrative evidence relevant to the issues in this case.

18.

Please produce any and all documents, including employee handbooks, policy or procedure manuals or videotapes pertaining to

4

Defendant's policies regarding safety and training related to the event in question.

19.

Produce all Complaints initiating civil actions against you for the past ten (10) years as a result of incidents involving personal injuries at the subject premises.

20.

Produce all safety inspection reports completed by any of your employees, agents or independent contractors with regard to the wheelchair at issue.

21.

Produce all internal accident reports completed by your employees, agents or independent contractors regarding substantially similar claims, complaints, or incidents for the past ten (10) years.

22.

The curriculum vitae of all experts who are expected to testify on behalf of the Defendant, and any documents they created, reviewed or relied upon.

23.

Produce all notes, memoranda, minutes, and all other written evidence of safety meetings held by you from 2017 to the present.

24.

For the date in question, and the two days before, please produce the work and payroll records of all employees (regarding the premises in question) employed by Defendant.

5

25.

Produce any and all documents reviewed or consulted in responding to Plaintiff's Complaint, Plaintiff's First Continuing Interrogatories to Defendant, Plaintiff's First Continuing Request for Production of Documents and Tangible Things and Notice to Produce to Defendant, or Plaintiff's First Request for Admissions to Defendant.

26.

Please provide any and all documents or other evidence in support of your denial of any portion of Plaintiff's Request for Admissions to Defendant.

Respectfully Submitted,

Jonathan R. Brockman, P.C.

/s/Cynthia Matthews Daley
Cynthia Matthews Daley
Georgia Bar No. 476520

128 Newnan Street
Carrollton, GA 30117
770-205-8887
770-205-8879 (Facsimile)

/s/Jon Brockman
Jon Brockman
Georgia Bar No. 084210
Attorneys for Plaintiff

320 Dahlonega Street
Cumming, Georgia 30040
770-205-8887
770-205-8879 (Facsimile)

6

ID# E-SGWBVH2M-45B
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

22-A-681

MAR 02, 2022 01:46 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

To:         **All Judges, Clerks of Court, and Counsel of Record**

From:       **Jon Brockman, Esq.**

RE:         **Notice of Leave of Absence**

COMES NOW Jon Brockman, and respectfully notifies all Judges before whom he has cases pending, all affected Clerks of Court, and all opposing counsel, that he will be on leave pursuant to Georgia Uniform Superior Court Rule 16.

1.

The period of leave during which time Applicant will be away from the practice of law is Monday, April 4, 2022 through Monday, April 11, 2022; Friday, April 29, 2022 through Monday, May 2, 2022; Thursday, May 5, 2022 through Monday, May 9, 2022; Monday, May 23, 2022; Monday, June 6, 2022 through Thursday, June 9, 2022; Friday, June 17, 2022 through Monday, June 20, 2022; and Friday, June 24, 2022 through Tuesday, July 5, 2022.

2.

All affected Judges and opposing counsel shall have ten (10) days from the date of this Notice to object to it.  If no objections are filed, the leave shall be granted.

This 2nd day of March, 2022.



Respectfully submitted,

Jonathan R. Brockman, P.C.


/s/ Jon Brockman
Jon Brockman
State Bar No. 084210

320 Dahlonega Street
Cumming, Georgia 30040
770-205-8887
770-205-8879 (Facsimile)

## <u>CERTIFICATE OF SERVICE</u>

THIS IS TO CERTIFY that I have this day served the within and foregoing **Notice of Leave of Absence** upon all judges, clerks of court, and opposing counsel listed on the attached Exhibit "A", via the Court's approved electronic filing system.

This 2nd day of March, 2022.

JONATHAN R. BROCKMAN, P.C.

/s/ Jon Brockman
Jon Brockman
State Bar No. 084210

320 Dahlonega Street
Cumming, Georgia 30040
770-205-8887
770-205-8879(Facsimile)

**EXHIBIT "A"**

# COBB COUNTY STATE COURT

| Name of Case<br>Case Number | Name of Judge | Counsel of Record |
|---|---|---|
| Lori Beauparlant, as spouse of Tejay Beauparlant vs. Eric Thomason<br>State Court of Cobb County<br>Civil Action File No. 19-A-216 | The Honorable Carl W. Bowers<br>Cobb County State Court<br>12 East Park Square<br>Marietta, Georgia 30090 | Ben Dorfman<br>Fain, Major & Brennan, P.C.<br>100 Glenridge Point Parkway<br>Suite 500<br>Atlanta, Georgia 30342 |
| Tejay Beauparlant vs. Eric Thomason<br>State Court of Cobb County<br>Civil Action File No. 21-a-2454 | The Honorable Carl W. Bowers<br>Cobb County State Court<br>12 East Park Square<br>Marietta, Georgia 30090 | Ben Dorfman<br>Fain, Major & Brennan, P.C.<br>100 Glenridge Point Parkway<br>Suite 500<br>Atlanta, Georgia 30342 |
| Nicole Roark vs. The Kroger CO., Tommy Thompson, John Doe (1-3)and John Doe Corporation<br>State Court of Cobb County<br>Civil Action file No. 21-A-2160 | The Honorable Diana Simmons<br>Cobb County State Court<br>12 East Park Square<br>Marietta, Georgia 30090 | Jeffrey M. Wasick, Esq.<br>Gray, Rust, St. Amand, Moffett & Brieske, L.L.P.<br>950 East Paces Ferry Road, N.E.<br>Suite 1700-Salesforce Tower<br>Atlanta<br>Atlanta, Georgia 30326 |
| Rashad McCray vs. James Kersey, Dirt Movers Inc., Trisura Specialty Insurance Company and John Doe (1-4)and John Doe Companies (1-4) | The Honorable John S. Morgan<br>Cobb County State Court<br>12 East Park Square<br>Marietta, Georgia 30090 | Jennifer E. Parrott<br>Drew Eckl Farnham, LLP<br>303 Peachtree Street, N.E.<br>Suite 3500<br>Atlanta, Georgia 30308 |
| Ginger Hulsey vs. Dollar General Corporation, et al.<br>State Court of Cobb County<br>Civil Action File No. 21-A-2780 | The Honorable Carl W. Bowers<br>Cobb County State Court<br>12 East Park Square<br>Marietta, Georgia 30090 | Erica L. Morton<br>Brianna S. Tucker<br>SWIFT CURRIE MCGHEE & HIERS, LLP<br>1355 Peachtree St NE Ste 300<br>Atlanta GA 30309-3231 |
| Leah Burgess vs. James Richard Watts and Precision Concrete Construction, Inc.<br>State Court of Cobb County<br>Civil Action File No. 21-A-4280 | The Honorable Allison B. Salter<br>Cobb County State Court<br>12 East Park Square<br>Marietta, Georgia 30090 | Douglas K. Burrell, Esq.<br>Drew Eckl & Farnham, LLP<br>303 Peachtree Street, N.E.<br>Suite 3500<br>Atlanta, Georgia 30308 |
| Susanne Hurst vs. Valentine Oleka<br>State Court of Cobb County<br>Civil Action File No. 22-A-126 | The Honorable Maria B. Golick<br>Cobb County State Court<br>12 East Park Square<br>Marietta, Georgia 30090 | |
| Helen Hopkinson vs. The Kroger Co., John Doe(1-3) and John Doe Corporation (1-3)<br>State Court of Cobb County<br>Civil Action File No. 22-A-508 | The Honorable Jane P. Manning<br>Cobb County State Court<br>12 East Park Square<br>Marietta, Georgia 30090 | |
| Michael Smith vs. The Kroger Co., John Doe(1-3) and John Doe Corporation (1-3)<br>State Court of Cobb County<br>Civil Action File No. 22-A-681 | The Honorable Diana Simmons<br>Cobb County State Court<br>12 East Park Square<br>Marietta, Georgia 30090 | |

# SHERIFF'S ENTRY OF SERVICE

ID# E-EKVWXJTP-BXF
ID# E-W3RJVLUQ-QEB

**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**22-A-681**

Civil Action No. __22-A-681__

Date Filed _____

Attorney's Address    **Daley, Cynthia M**
**Jonathan R. Brockman, P.C.**
**128 Newnan Street**
**Carrollton, GEORGIA 30117-**

Name and Address of Party to be Served.
**THE KROGER COMPANY**

__192 Anderson Street SE Ste 125__

__Marietta, GEORGIA 30060__

Superior Court ☐    Magistrate Court ☐
State Court ☒    Probate Court ☐
Juvenile Court ☐

Georgia, __COBB__ COUNTY

Smith, Michael

_____
Plaintiff

**MAR 09, 2022 01:54 PM**

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

VS.
THE KROGER COMPANY, DBA c/o CSC of Cobb

County, Inc., Registered Agent; Doe (1-3), John; JOHN
_____
Defendant

_____
Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
☐ I have this day served the defendant_____ personally with a copy of the within action and summons.

**NOTORIOUS**
☐ I have this day served the defendant_____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION**
☐ Served the defendant The Kroger Company a corporation by leaving a copy of the within action and summons with Terri Thompson—CSC of Cobb County in charge of the office and place of doing business of said Corporation in the County.

**TACK & MAIL**
☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of the same in the United States Mail, first class in an envelope property address to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
☐ Diligent search made and defendant_____ not to be found in the jurisdiction of this court.

This __8__ day of __March__, 20__22__

_____ 94019
Deputy

**COURT COPY**